UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENONDO LEWIS,

    Plaintiff,

vs

COUNTRYWIDE HOME LOANS, ET AL,

    Defendants.
_____/

Case NO: 09-11093
Honorable Victoria A. Roberts

## OPINION AND ORDER GRANTING MOTION TO DISMISS

**I.    INTRODUCTION**

This matter is before the Court on Defendant Countrywide Home Loans' Motion to Dismiss (Doc. #8). The Court **GRANTS** the Motion.

**II.    BACKGROUND**

In August 2006, *pro se* Plaintiff Renondo Lewis obtained a mortgage loan from non-party Challenge Financial Investors Corporation. The note was secured by real property located at 16680 Carlisle Street, Detroit, Michigan.

In November 2008, Plaintiff filed for bankruptcy under Chapter 13 of the Bankruptcy Code. Plaintiff later filed a bankruptcy plan in which he agreed to surrender the Carlisle property. On March 3, 2009, the bankruptcy court confirmed the plan.

On April 9, 2009, Plaintiff filed this action against Defendants Countrywide Home Loans and SPS Inc. The Complaint alleges violations of the Truth in Lending Act, the Consumer Protection Act, the Real Estate Settlement and Procedures Act, and the

Home Ownership and Equity Protection Act, as well as fraud. Plaintiff seeks rescission of the loan agreement.

Defendant Countrywide Home Loans moves the Court to dismiss this action for failure to state a claim.

### III. STANDARD OF REVIEW

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any attached exhibits, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims. See *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff's allegations plausibly establish a case which would entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1968-70 (2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Id.* at 1965. *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 296 (2d ed. 1990). The moving party is

entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

On the other hand, more than bare assertions of legal conclusions are required to satisfy the notice pleading standard. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* at 437.  "A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).

**IV.    CASE LAW AND ANALYSIS**

   **A.  Pro Se Status**

Defendant first argues that Plaintiff is not entitled to special treatment as a *pro se* litigant and that this Court must review his complaint as if he was represented by counsel.  Defendant mistakes the standard the Court must apply.

A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  However, *pro se* status does not exempt the litigant from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).  The Court will review Plaintiff's claims under this liberal standard.

   **B.  Res Judicata**

Relying on 11 U.S.C. § 1327(a) and *In re Layo*, 460 F.3d 289 (2nd Cir. 2006), Defendant next argues that because Plaintiff surrendered the Carlisle property in his confirmed Chapter 13 bankruptcy plan, his claims challenging the validity of the mortgage loan and its origination are barred by the doctrine of *res judicata*.

In *In re Layo*, the court addressed whether a Chapter 13 bankruptcy order dealing with a debtor's mortgage obligations was *res judicata* with respect to a subsequent action by the trustee to challenge the validity of the mortgage. The debtor consented to the debt and included it in his confirmed plan. Because the debtor and trustee sought to challenge the lien after the fact, despite having notice and opportunity and failing to do so earlier, the court concluded the confirmation order was *res judicata* to the later claim.

Similarly, section 1327 of the Bankruptcy Code says: "The provisions of a confirmed plan bind the debtor and each creditor, . . . whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).  "Under § 1327(a), confirmation of a Chapter 13 plan is, in effect, an adjudication of litigation over the issues of the classification and treatment of claims provided for in a proposed Chapter 13 plan, and is *res judicata* on those issues." *In re White,* 370 B.R. 713 (Bankr. E.D. Mich. 2007)*.* Section 1327(a) is consistently interpreted as barring the relitigation of any issue decided or which could have been decided at confirmation. See *Multnomah County v. Ivory* (*In re Ivory*), 70 F.3d 73, 75 (9th Cir. 1995); *In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989); *Young v. IRS* (*In re Young*), 132 B.R. 395, 396 (S.D. Ind 1990); *Lester Mobile Home Sales, Inc. v. Woods* (*In re Woods*), 130 B.R. 204, 205 (W.D. Va. 1990).

In Plaintiff's confirmed Chapter 13 plan, Countrywide is listed as a creditor; post-confirmation, Plaintiff agreed to make no payments on the loan and to surrender the Carlisle property.  Now, in what appears to be an attempt to avoid surrendering the home, Plaintiff challenges the validity of the mortgage loan.  Plaintiff could have asserted this claim in the earlier bankruptcy proceeding, but elected not to do so.  The Court finds that he cannot relitigate this issue now; it is barred by *res judicata*.

Because the Court determines that Plaintiff's claims are barred by *res judicata*, the Court need not address Defendant's remaining arguments.

### V.    CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　 /s/ Victoria A. Roberts　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:  August 27, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 27, 2009.

s/Linda Vertriest
Deputy Clerk